IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                          Plaintiff,

    v.

JANEL NICKEL; SEAN SALTER;
GREG GRAMS, Warden at CCI;
C/O JAMES; C/O T. BITTELMAN;
C/O NEUMAIER, Medical Doctor SULIENE;
ICE MARY LEISER; ICE BURT TAMMINGA;
RN. NANCY HAHNISCH; LT. LIPINSKI;
RN. SUE WARD; RN. LINDY MUCHOW;
2nd Shift SGT. FINK; RN. KIM CAMBELL;
MIKE VANDENBROOK; JANET WALSH; and
Psychiatrist DANA DIEDRICH,

                          Defendants.

ORDER

06-C-617-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                          Plaintiff,

    v.

PHIL KINGSTON, Warden of Waupun,
JEFFREY GARBELMAN, Psychologist,
MARY GORSKI, Nurse Practitioner, ICE JAMES
MUENCHOW, ICE THERESA MURPHY,

07-C-173-C

1

BELINDA SCHRUBBEE, HSU Manager,
LIEUTENANT HOLM and BRUCE SIEDSCHLAG,
Seg. Unit Manager,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      After defendants moved for summary judgment in case no. 06-C-617-C, proposing some 412 findings of fact in support of the motion, plaintiff moved for a third time for appointment of counsel to represent him.  In addition, plaintiff moved for an enlargement of time within which to respond to defendants' motion for summary judgment and for permission to oppose defendants' motion with oral argument.  In case no. 07-C-173-C, plaintiff has moved for a preliminary injunction and to amend and supplement his complaint. In response to all of these motions, I have considered whether plaintiff is competent to represent himself given the complexity of the claims he has raised in each of his suits and whether having a lawyer will make a difference in the outcome of one or both cases.  I conclude that plaintiff is not competent to represent himself in these cases and that having a lawyer may well alter their outcome.

      In case no. 06-C-617-C, I have allowed plaintiff to proceed on several claims under the Eighth Amendment concerning the conditions of his confinement, a First Amendment retaliation claim and a claim that plaintiff's placement in clinical observation and "full bed strap-down" for more than twelve hours without a hearing violated his Fourteenth

2

Amendment due process rights. In case no. 07-C-173-C, I have allowed plaintiff leave to proceed on five claims arising under the Eighth Amendment, including claims that he is being subjected to the use of excessive force by the use of incapacitative agents and to constant illumination and dangerously cold conditions in the recreation areas of the Waupun Correctional Institution's segregation building, as well as a claim that his rights under the First Amendment's free exercise clause and RLUIPA are being infringed. To be sure, the sheer number of claims in each of plaintiff's cases have made them more complex than they would be had plaintiff chosen to concentrate on fewer incidents of alleged wrongdoing. However, even if plaintiff had raised fewer claims in his lawsuit, I would have to conclude that he is not competent to prosecute them.

Many of the facts that defendants have proposed in connection with plaintiff's claims in case no. 06-C-617-C confirm plaintiff's assertion that he is severely mentally disturbed. Defendants have described frequent incidents in which plaintiff has engaged in acts of self-harm and uncontrolled behavior, refuses medication or medical treatment and has been removed from his cell with the use of incapacitative agents. Documents plaintiff has submitted in support of his motion for an enlargement of time to oppose defendants' motion for summary judgment show that plaintiff is incapable of doing simple math in order to properly request disbursements of legal loan funds for the paper and photocopies he needs to prepare his response, and that he often lacks the ability to follow instructions. It is baffling

3

how plaintiff managed to file his lawsuits at all.

When I denied plaintiff's second motion for appointment of counsel in case no. 06-C-617-C, I accepted plaintiff's assertion that he had a "mental health defect" and acknowledged that some of his claims were complex and others relatively straightforward. I declined to appoint counsel at that time, however, because the possibility existed that defendants would move to dismiss some or all of plaintiff's more complex claims for his failure to exhaust his administrative remedies. Now it is clear that although defendants' motion for summary judgment includes a request for dismissal of a few of plaintiff's claims for his failure to exhaust administrative remedies, there remain complex issues to be decided on their merits. Therefore, I will rescind the schedule for briefing defendants' motion for summary judgment in case no. 06-C-617-C and stay the proceedings in that case and in case no. 07-C-173-C until I can locate counsel willing to represent plaintiff.

Plaintiff should be aware that once I have appointed counsel to represent him, he may not communicate directly with the court about any matter pertaining to his cases. Moreover, he should know that his lawyer will be expected to file an amended complaint in one or both of his cases, after the lawyer has had an opportunity to assess the legal merit of plaintiff's individual claims. Plaintiff will be required to work directly with his lawyer and permit the lawyer to exercise his or her professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. If at any point plaintiff

4

demonstrates that he is unwilling to accept these conditions, he may be required to resume prosecution of the suits on his own.

## ORDER

IT IS ORDERED that plaintiff Mark Marshall's motion for appointment of counsel is GRANTED. The schedule for briefing defendants' motion for summary judgment in case no. 06-C-617-C is RESCINDED and all proceedings in these cases are STAYED. As soon as counsel has been located who will accept appointment in this case, plaintiff will be notified promptly and status conferences will be scheduled so that the parties can discuss the best and shortest track for moving both cases to resolution.

Entered this 2d day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5