IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                                                                      ORDER

                   Plaintiff,

                                                    07-C-173-C

        v.

PHIL KINGSTON, Warden of Waupun,
JEFFREY GARBELMAN, Psychologist,
MARY GORSKI, Nurse Practitioner, ICE JAMES
MUENCHOW, ICE THERESA MURPHY,
BELINDA SCHRUBBEE, HSU Manager,
LIEUTENANT HOLM and BRUCE SIEDSCHLAG,
Seg. Unit Manager,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      As I explained to plaintiff in an order entered today in another of his cases, Marshall v. Nickel, 06-C-617-C, the Court of Appeals for the Seventh Circuit has ruled in George v. Smith, --- F.3d ---, No. 07-1325 (7th Cir. Nov. 9, 2007) (copy attached), that district courts must sever multiple claims against multiple defendants unless the parties and claims have been joined properly under Fed. R. Civ. P. 18 and 20. I have reviewed plaintiff's claims in this lawsuit and conclude that he has alleged a number of different injuries arising out of unrelated incidents and that no single question of law or fact is common to the claims as a

1

whole.  Therefore, I conclude that under Fed. R. Civ. P. 20 and 18, plaintiff may not proceed on all of his claims in this one lawsuit.  Instead, this court must sever his claims into separate lawsuits as follows.

Lawsuit #1 is a lawsuit in which plaintiff alleges that defendants Bruce Siedschlag and Lt. Holm refused him access to Christian religious materials while he was confined in the segregation unit at the Waupun Correctional Institution.

Lawsuit #2 is a lawsuit in which plaintiff alleges that defendants Gorski and Schrubbee refused to provide him with nutritionally adequate meals and that defendant Theresa Murphy falsified facts in her recommendation to dismiss plaintiff's complaint that he was receiving inadequate nutrition.

Lawsuit #3 is a lawsuit in which plaintiff alleges that defendants Phil Kingston and Siedschlag exposed plaintiff to constant illumination in his cell and dangerously cold conditions in the recreation areas.

Lawsuit #4 is a lawsuit in which plaintiff alleges that defendant Holm used excessive force against him by spraying him in the face with an "incapacitative agent" on January 7, 2007.

Lawsuit #5 is a lawsuit in which plaintiff alleges that defendants Mary Gorski and Belinda Schrubbee denied plaintiff adequate medical care for his high blood pressure and hernia, that defendant Jeffrey Garbelman failed to adequately treat plaintiff's mental health

care needs and that defendant James Muenchow falsified facts in his recommendation to dismiss plaintiff's inmate complaint that plaintiff was not receiving adequate mental health care.

In light of George, I may apply the initial partial payment plaintiff paid in this case, and any subsequent payments he may have made to only one of the five lawsuits I have identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuits, plaintiff has a more difficult choice. He may choose to pursue each lawsuit separately. However, for each additional lawsuit he wants to prosecute, he will be required to pay an additional filing fee, beginning with an initial partial payment in the amount of $1.33 (the partial fee payment that was calculated from plaintiff's trust fund account statement at the time he filed this action) and the remainder of the filing fee in installments as required by 28 U.S.C. § 1915(b)(2). Alternatively, he may choose to dismiss any or all of his remaining lawsuits voluntarily. If he chooses this latter route, plaintiff will not owe additional filing fees. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it in another lawsuit, at another time.

I understand that it is not normally the case that a lawsuit may be withdrawn without prejudice when a case has progressed as far as this one has. However, in light of the unanticipated and far-reaching effect of the George decision on existing prisoner litigation,

3

I intend to permit prisoner litigants in cases pending in this court at the time the <u>George</u> opinion was issued to dismiss without prejudice the separate lawsuits within their original complaint that have been identified as requiring severance.

One other matter requires comment. In an order dated October 2, 2007, I stayed all proceedings in this lawsuit and another of plaintiff's lawsuits, <u>Marshall v. Nickel</u>, 06-C-617-C, after concluding that plaintiff was not capable of representing himself in light of the complexity of his cases and plaintiff's mental shortcomings. I advised plaintiff that I would try to find a lawyer who was willing to represent him. More than six weeks have passed since the court has started its search and no lawyer has agreed to represent plaintiff. It may well be that the daunting number of claims plaintiff raised in his complaints is contributing to the reluctance of any lawyer to accept an appointment to represent plaintiff. Therefore, I will lift the stay in this case and in case no. 06-C-617-C for the purposes of allowing plaintiff to select which of his lawsuits he wishes to pursue and, after plaintiff has made his selection, allowing the court to reassess plaintiff's need for appointed counsel in each of the severed lawsuits that plaintiff intends to pursue.

4

ORDER

IT IS ORDERED that

1. Plaintiff may have until December 4, 2007, in which to advise the court and defendants on which one of the separately numbered lawsuits identified in the body of this opinion he wishes to proceed. As to this one lawsuit, plaintiff's existing case number and fee obligation will be applied.

2. Plaintiff may have until December 4, 2007, in which to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

3. For any lawsuit (other than the one plaintiff chooses to keep assigned to this case number) that plaintiff dismisses voluntarily, he will not owe a filing fee.

4. For any lawsuit (other than the one plaintiff chooses to keep assigned to this case number) that plaintiff advises the court he intends to prosecute, plaintiff will owe a separate $350 filing fee, starting with an initial partial payment of $1.33, which he must pay by December 11, 2007. The payment(s) may be submitted by a check or money order made payable to the clerk of court. The remainder of the filing fee(s), will be collected in installments in accordance with 28 U.S.C. § 1915(b)(2).

5. If, by December 4, plaintiff fails to respond to this order, I will enter an order

dismissing the lawsuit as it presently exists with prejudice for plaintiff's failure to prosecute.

Entered this 26th day of November, 2007.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge