IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                                            ORDER

          Plaintiff,

                                      3:07-cv-173-bbc

     v.

PHIL KINGSTON, Warden of Waupun,
JEFFREY GARBELMAN, Psychologist,
MARY GORSKI, Nurse Practitioner, ICE JAMES
MUENCHOW, ICE THERESA MURPHY,
BELINDA SCHRUBBEE, HSU Manager,
LIEUTENANT HOLM and BRUCE SIEDSCHLAG,
Seg. Unit Manager,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The proceedings in this case have been stayed since October 2, 2007, when I entered an order finding that plaintiff had demonstrated an inability to represent himself in light of the complexity of the issues raised in his complaint and that he required appointed counsel if he were to have any chance of success in proving his claims. By that time, plaintiff had filed one motion for a preliminary injunction on August 22, 2007 that had been denied for plaintiff's failure to followed this court's Procedures to be Following on Motions for Injunctive Relief, and to support the motion with admissible evidence, and a second such

1

motion on September 19, 2007, that was equally deficient. In addition, plaintiff had filed on September 27, 2007: 1) a motion to amend and supplement his complaint that was not in proper form and in any event, would have complicated the issues even further if allowed; and 2) a motion to compel defendants to respond to discovery requests that he purportedly had sent to them in mid-August. Unfortunately, the court's attempts to find a lawyer willing to represent plaintiff have been futile thus far, no doubt in substantial part because plaintiff's complaint included multiple claims against multiple defendants.

On November 9, 2007, however, the Court of Appeals for the Seventh Circuit decided George v. Smith, ---F.3d ---, No. 07-1325 (7th Cir. Nov. 9, 2007). In that case, the court directed district courts to separate multiple claims against multiple defendants in prisoner pro se lawsuits in the manner Fed. R. Civ. P. 20 requires. Because plaintiff's complaint in this case was in violation of Rule 20, I entered an order on November 26, 2007, informing plaintiff of the George decision and its effect on his case. In particular, I divided plaintiff's claims into five individual lawsuits and gave plaintiff until December 4, 2007 to tell the court which lawsuits he intended to pursue. The lawsuits were separated as follows:

Lawsuit #1: Defendants Bruce Siedschlag and Lt. Holm refused plaintiff access to Christian religious materials while he was confined in the segregation unit at the Waupun Correctional Institution.

Lawsuit #2: Defendants Gorski and Schrubbee refused to provide plaintiff with

2

nutritionally adequate meals and that defendant Theresa Murphy falsified facts in her recommendation to dismiss his complaint that he was receiving inadequate nutrition.

Lawsuit #3: Defendants Phil Kingston and Siedschlag exposed plaintiff to constant illumination in his cell and dangerously cold conditions in the recreation areas.

Lawsuit #4: Defendant Holm used excessive force against plaintiff by spraying him in the face with an "incapacitative agent" on January 7, 2007.

Lawsuit #5: Defendants Mary Gorski and Belinda Schrubbee denied plaintiff adequate medical care for his high blood pressure and hernia, that defendant Jeffrey Garbelman failed to adequately treat plaintiff's mental health care needs and that defendant James Muenchow falsified facts in his recommendation to dismiss plaintiff's inmate complaint that plaintiff was not receiving adequate mental health care.

On the same day that this court issued its Nov. 26 decision, plaintiff filed a third "Motion for Emergency Injunctive Relief," which was not routed to chambers until November 29. Because that motion, like plaintiff's earlier ones, was unaccompanied by evidentiary materials and proposed findings of fact as the court's procedures require, and because in any event, the proceedings had been stayed pending the appointment of counsel, no consideration was given it.

Now plaintiff has filed a document titled "Plaintiff's Response and Decision to Judge Crabb's Order," and a "Legal Memorandum Letter to the Court." I will address each of these

3

documents in turn.

Plaintiff's ". . . response and decision to Judge Crabb's Order" is a response to this court's November 26, 2007 order. In it, plaintiff states that he is willing to dismiss voluntarily the claims I had separated into Lawsuits ##1, 2, 3 and 4. Therefore, these actions will be dismissed without prejudice and plaintiff will owe no filing fees related to them. Because plaintiff's only claims against defendants Siedschlag, Holm, Murphy, and Kingston were raised in Lawsuits ##1, 2, 3 and 4, these defendants will be dismissed as well.

Plaintiff's response makes clear he will proceed in this case with his claims in Lawsuit #5 against defendants Mary Gorski and Belinda Schrubbee, who are alleged to have denied plaintiff adequate medical care for his high blood pressure and hernia; defendant Jeffrey Garbelman, who is alleged to have failed to adequately treat plaintiff's mental health care needs, and defendant James Muenchow, who is alleged to have falsified facts in his recommendation to dismiss plaintiff's inmate complaint that plaintiff was not receiving adequate mental health care. It is the court's intention to continue to attempt to locate counsel who might be willing to represent plaintiff on these narrow issues, so the case will remained stayed with one exception, which I will explain below.

In his "legal memorandum letter to the clerk of court," plaintiff asks the court to advise him of the status of his case. The status is that his case, now limited to the claims identified as Lawsuit #5, is at a standstill until the court locates counsel willing to represent plaintiff

4

or determines that no such lawyer can be found. There is one matter, however, that I cannot put on hold.

In plaintiff's November 26, 2007 motion for emergency injunctive relief, he states (although I note that his statements are not declared to be true under penalty of perjury or made under oath),

> Plaintiff is currently having severe mental health problems having no means to cope. And I'm hounded by suicidal thoughts, plans, fantasies, everyday now. Everyday plaintiff is growing more and more hopeless and helpless. Plaintiff has no other way to get mental health care or stabilization if not given injunctive relief. If not given this mental health intervention by the courts.
>
> * * *
>
> From the fact plaintiff was allowed to proceed on defendant Jeffrey Garbelman . . . for inadequate mental health care and with my history of serious self harm and mental health problems and my mental health worsening daily, I have the likelihood of suffering irreparable harm even death if not granted this immediate relief.

Although I have every hope that a lawyer will agree to accept appointment in this case and investigate plaintiff's claims that he is being denied mental health care, it is clear that the process of locating such a lawyer is painstakingly slow. If it is true that plaintiff is presently suicidal and receiving no mental health treatment, it would be irresponsible of this court to ignore his claims pending appointment of counsel. Therefore, in this one instance, I am asking that defense counsel investigate plaintiff's claims that he is not being treated for his suicidal ideation and report her findings to this court no later than January 3, 2008.

5

ORDER

IT IS ORDERED that plaintiff's Lawsuits ##1, 2, 3 and 4 and defendants Bruce Siedschlag, Lieutenant Holm, ICE Theresa Murphy and Phil Kingston are DISMISSED without prejudice.

Further, IT IS ORDERED that the court accepts plaintiff's decision to continue to prosecute in the context of this case the claims identified in this court's November 26, 2007 order as Lawsuit #5. This case remains STAYED pending appointment of counsel with the exception set forth below.

IT IS REQUESTED that counsel for defendants Jody Schmelzer (or any other assistant attorney general assigned to this matter) investigate the claims made in plaintiff's November 26 motion to the effect that he is not being treated for his continuing suicidal ideation and report the results of that investigation to this court no later than January 3, 2008. (A copy of plaintiff's motion is enclosed to counsel with a copy of this order.)

Entered this 26th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge