IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

Plaintiff,

v.

JANEL NICKEL; SEAN SALTER;
GREG GRAMS, Warden at CCI;
Medical Doctor SULIENE;
ICE BURT TAMMINGA;
RN. NANCY HAHNISCH; RN. SUE WARD;
RN. LINDY MUCHOW;
RN. KIM CAMBELL;
MIKE VANDENBROOK; JANET WALSH; and
Psychiatrist DANA DIEDRICH,

Defendants.

ORDER

3:06-cv-00617-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

Plaintiff,

v.

JEFFREY GARBELMAN, Psychologist,
MARY GORSKI, Nurse Practitioner,
ICE JAMES MUENCHOW and
BELINDA SCHRUBBEE, HSU Manager,

Defendants.

ORDER

3:07-cv-00173-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In orders dated November 26, 2007, entered separately in each of these cases, I reviewed plaintiff's complaints and concluded that under Fed. R. Civ. P. 20, each had to be divided into several separate lawsuits. In these same orders, I listed the separate lawsuits within each complaint and asked plaintiff to decide 1) which one lawsuit he wished to prosecute under the number assigned to each case; 2) which lawsuits he wished to dismiss, if any; and 3) which lawsuits he wished to pursue in separate actions, if any.

Subsequently, plaintiff advised the court that he wished to pursue in case no. 3:06-cv-00617-bbc, the claims I had identified in the November 26 order as Lawsuit #1. He asked to dismiss voluntarily the actions I had identified as Lawsuit ##2, 4, 5 and 6, and he asked to pursue in a separate action the claims I identified as Lawsuit #3. In an order dated December 19, 2007, I attempted to document plaintiff's response and to sever or dismiss his claims as he directed. Unfortunately, as set forth below, this order must be amended to correct a few mistakes.

In case no. 3:07-cv-00173-bbc, plaintiff advised the court that he wished to pursue the action I had identified as Lawsuit #5. He asked to dismiss voluntarily the actions I had identified as Lawsuit ## 1, 2, 3 and 4. In an order dated December 26, I documented plaintiff's response and dismissed the parties and claims relating to Lawsuit ## 1, 2, 3 and 4.

With respect to the December 19 order in case no. 3:06-cv-00617-bbc, although it was implicit in the order, I did not state expressly that I was dismissing Lawsuit ## 2, 4, 5 and

6. Therefore I will amend the order to make this explicit.

In addition, the order failed to indicate that defendants Hahnisch, Salter, Grams and Tamminga were being dismissed from the case. When he dismissed Lawsuit #2 from case no. 3:06-cv-00617-bbc, plaintiff dismissed his claim against defendant Hahnisch. Also, because plaintiff is pursuing his claims against defendants Salter, Grams and Tamminga in a new case, case no. 3:07-cv-00715-bbc,.these defendants should no longer be listed as defendants in case no. 3:06-cv-00617-bbc.

Finally, I will amend the December 19 order to correct paragraph no. 2 on page 4. In this paragraph, I stated that plaintiff is allowed to proceed in case no. 3:06-cv-00617-bbc with his claims in Lawsuit #1 "against defendants Walsh, Diedrich, Vandenbrook and Suliene." In fact, Lawsuit #1 includes claims against defendants Sue Ward, Lindy Muchow, Kim Campbell and Janel Nickel as well.

In sum, the caption of all future filings in case no. 3:06-cv-00617-bbc is to be altered to reflect that the defendants remaining in this case are Janel Nickel, Doctor Suliene, Sue Ward, Lindy Muchow, Kim Campbell, Mike Vandenbrook, Janet Walsh and Dana Diedrich. The claims plaintiff is pursuing against these defendants in case no. 3:06-cv-00617-bbc are as follows:

1) defendants Janet Walsh, Dana Diedrich and Mike Vandenbrook refused to treat plaintiff's mental health conditions;

2) defendant Suliene refused to treat plaintiff's hypertension and kidney cysts, did not

examine plaintiff before or after she discontinued his prescription for Lisinopril to determine whether he would suffer an increased risk of heart attack or stroke, refused to send him to see his nephrologist for assessment and treatment of his kidney problems and refused to examine or treat him for his keratoconus and hernia;

3) defendants Sue Ward, Lindy Muchow and Campbell refused to monitor plaintiff's hypertension and altered plaintiff's medical records to show falsely that he refused treatment and received medical care;

4) defendant Suliene and Nickel refused to insure that plaintiff was receiving adequate nutrition when plaintiff was placed on bag lunch meals.

The caption of all future filings in case no. 3:07-cv-00173-bbc is to be altered to reflect that the defendants remaining in the case are Jeffrey Garbelman, Mary Gorski, James Muenchow and Belinda Schrubbee as shown in the caption of this order. The claims plaintiff is pursuing against these defendants are as follows:

1) defendants Mary Gorski and Belinda Schrubbee denied plaintiff adequate medical care for his high blood pressure and hernia;

2) defendant Jeffrey Garbelman failed to adequately treat plaintiff's mental health care needs; and

3) defendant James Muenchow falsified facts in his recommendation to dismiss plaintiff's inmate complaint that plaintiff was not receiving adequate mental health care.

With these clarifications complete, I turn to the next order of business. Nearly four

months ago, on October 2, 2007, I entered an order in both of these cases, noting that plaintiff had demonstrated an inability to represent himself in light of the complexity of the issues raised in his complaints and that he required appointed counsel if he were to have any chance of success in proving his claims. The decision to appoint counsel was based in large part on the sheer number of different claims against different defendants that plaintiff was pursuing in each of his two cases, and plaintiff's persistent filing of motions for preliminary injunctive relief relating to his physical and mental health that were not in compliance with this court's procedures and that relied on documents that were not in compliance with the rules of evidence. Now, however, plaintiff has simplified his cases substantially. As noted above, the only claims remaining in these cases are claims relating to plaintiff's physical and mental health care needs. The only claims plaintiff is pursuing in case no. 3:07-cv-00715-bbc is a claim that sometime in his past, defendants Salter, Tamminga and Grams refused plaintiff out-of-cell exercise and Salter subjected plaintiff to a stench of noxious odors so strong that plaintiff suffered physical illness.

With the necessary and sensible reductions in the breadth of plaintiff's complaints, the court has been able to locate counsel willing to assist plaintiff in case nos. 3:06-cv-00619-bbc and 3:07-cv-00173-bbc. Carlos Pabellon and Pam McGillivray, lawyers with the Garvey McNeil & McGillivray law firm, have accepted this responsibility. They understand that they will serve with no guarantee of compensation for their services. It is this court's intention that the appointment of Mr. Pabellon and Ms. McGillivray to represent plaintiff extend to

proceedings in these cases in this court only.[1]

Plaintiff should be aware that because I am appointing counsel to represent him in these cases, he may not communicate directly with the court about matters pertaining to the cases. He must work directly with his lawyers and permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form.

With respect to plaintiff's remaining case, case no. 3:07-cv-00715-bbc, in a separate order, I will lift the stay and require plaintiff to represent himself.

ORDER

IT IS ORDERED that

1. The order entered on December 19, 2007, in case no. 3:06-cv-00617-bbc is AMENDED to delete paragraphs 1 and 2 on page 4 and substitute in their place the following two paragraphs:

> 1. Plaintiff's Lawsuits ## 2, 4, 5 and 6 and defendants Sean Salter, Greg Grams, C/O James, C/O T. Bittelman, C/O Neumaier, Mary Leiser, Burt Tamminga, Nancy Hahnisch, Lt. Lipinski and Sgt. Fink are DISMISSED without prejudice.
>
> 2. Plaintiff is allowed to proceed under the case number assigned to this case (3:06-cv-00617-bbc) with his claims in Lawsuit #1

[1]"Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a Notice of Appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.

against defendants Janel Nickel, Doctor Suliene, Sue Ward, Lindy Muchow, Kim Campbell, Mike Vandenbrook, Janet Walsh and Dana Diedrich.

2. In all other respects, the order entered on December 19, 2007, in case no. 3:06-cv-00617-bbc remains the same.

3. The stay previously imposed in each of these cases is LIFTED.

4. Carlos Pabellon and Pam McGillivray are appointed to represent plaintiff in these cases.

5. These cases are set for a status conference to be held by telephone before United States Magistrate Judge Stephen Crocker at 10:00 a.m. on February 20, 2008. Counsel for plaintiff are requested to arrange the conference call.

Entered this 28th day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge