IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                                           ORDER

Plaintiff,

                                         07-cv-173-bbc

v.

JEFFREY GARBELMAN, Psychologist,
MARY GORSKI, Nurse Practitioner,
ICE JAMES MUENCHOW and
BELINDA SCHRUBBEE, HSU Manager,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action brought under 42 U.S.C. § 1983, plaintiff Mark Marshall is pursuing claims that prison officials failed to provide him with adequate medical care while he was incarcerated at the Waupun Correctional Institution in Waupun, Wisconsin. Plaintiff's original complaint included a host of unrelated claims against different defendants; I screened all of these claims on May 25, 2007. Several months later, pursuant to George v. Smith, 507 F.3d 605 (7th Cir. 2007), I instructed plaintiff to choose which set of claims he wished to pursue in this lawsuit. He chose to pursue his claims against defendants Jeffrey Garbelman, Mary Gorski, James Muenchow and Belinda Schrubbee related to medical care and I appointed counsel to assist him.

Now before the court is plaintiff's first amended complaint, which I construe to

1

include a motion for leave to amend. With the assistance of counsel, plaintiff has presented his claims regarding his unmet needs for health care more clearly than he did originally. The crux of plaintiff's remaining allegations are the same as they were in his initial complaint: he maintains that he did not receive adequate mental health care while he was housed at the Waupun Correctional Institution and that defendants' failure to treat his high blood pressure and kidney disorder exacerbated these chronic conditions. As discussed in greater length in the original screening order, dkt. #8, plaintiff's allegations state claims under the Eighth Amendment.

In addition to restating his allegations more clearly, in plaintiff's proposed amended complaint he appears to abandon his claim with respect to defendant Muenchow and identifies twelve new defendants. Specifically, plaintiff alleges that, at times relevant to his complaint: (1) Michael Meisner was deputy warden and Michael Thurmer was warden at the Waupun Correctional Institution; both defendants were responsible for directing and implementing policies relating to the provision of medical and mental health care at the Institution; and they were aware of plaintiff's medical needs and ignored these needs; (2) Gail Slinger and Mary Waltz were nurse practitioners and Paul Summnicht was a physician responsible for providing care to prisoners, including plaintiff; they were aware of plaintiff's medical needs but delayed treatment and monitored his conditions erratically; (3) Gary Ankarlo was in charge of psychological services and Debra Fischer and Eugene Braaksma provided psychological clinical services at the Waupun Correctional Institution; all three,

2

along with Security Director Strahota, were aware that plaintiff's mental health was deteriorating and failed to provide him with adequate mental health care; and (4) Lt. Breamer, Lt. Greff and Sgt. Beasley were responsible for plaintiff's care, were aware of plaintiff's medical needs and ignored these needs. Under § 1983, liability arises only through a defendant's personal involvement in a constitutional violation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). From plaintiff's allegations, it is reasonable to infer that each of the new defendants was personally involved with the alleged constitutional violations at the heart of this lawsuit. Accordingly, the amended complaint states a claim with respect to each of them.

Therefore, I will grant plaintiff's motion. The first amended complaint is now the operative pleading in this case. I note that existing defendants Garbelman, Gorski and Schrubbee have already answered plaintiff's amended complaint. Therefore, they need not file an amended answer.

ORDER

Plaintiff Mark Marshall's amended complaint, dkt. #37, which I construe to include a motion to amend his complaint, is GRANTED. Pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's amended complaint and this order are being sent today to the Attorney General for service on the newly identified

state defendants.

      Entered this 2nd day of July, 2008.

                              BY THE COURT:

                              /s/ Barbara B. Crabb
                              BARBARA B. CRABB
                              District Judge