IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                                                ORDER

              Plaintiff,

                                        06-cv-617-bbc

     v.

DR. JANET WALSH, MIKE VANDENBROOK,
DANA DIEDRICH, DR. BRET REYNOLDS,
JANEL NICKEL, ROBERT HUMPHREYS,
MARC CLEMENTS, ANTHONY ASHWORTH,
and DAVID LIPINSKI,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

              Plaintiff,

                                        07-cv-173-bbc

     v.

JEFFREY GARBELMAN, GARY ANKARLO,
DONALD STRAHOTA, DEBRA FISCHER,
EUGENE BRAAKSMA, MICHAEL MEISNER,
MICHAEL THURMER, LT. BREAMER,
LT. GREFF, and SGT. BEASLEY,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

On November 18, 2008, judgment was entered in case no. 06-cv-617-bbc, following this court's decision entered the same day granting defendants' motion for summary judgment. Earlier, on November 14, 2008, judgment was entered in case no. 07-cv-173-bbc, also following the court's decision entered the same day granting defendants' motion for summary judgment. Now, plaintiff has filed a notice of appeal in each case, and plaintiff's lawyers have moved for leave to withdraw from the cases.

When I appointed Carlos Pabellon and Pam McGillivray to represent plaintiff in these cases in late January 2008, I stated expressly that the duration of the appointment was for proceedings in this court only, which included insuring that all steps were taken to transfer the case record to the Court of Appeals for the Seventh Circuit, if an appeal were to be filed. In support of their motion for leave to withdraw, counsel notes that after judgment was entered in these cases, they conferred with plaintiff and recommended that he not proceed with an appeal in either case. Subsequently, plaintiff filed notices of appeal on his own behalf directly with the court of appeals, and the court of appeals referred the appeals back to this court for filing as of the date they were submitted to the court of appeals.

Turning first to counsel's motion to withdraw, I conclude that no purpose remains to be served by requiring counsel to continue in their representation of plaintiff. Even if counsel were to have a change of heart concerning the propriety of filing an appeal in each

2

case, it is too late for them to file new notices of appeal on plaintiff's behalf. Moreover, in light of the present procedures for transferring records electronically from the district court to the court of appeals, counsel's expertise is unnecessary to insure that the record is properly transferred. Therefore, I will grant counsel's motion for leave to withdraw from its representation of plaintiff.

I turn, then, to plaintiff's notices of appeal. Because the notices are not accompanied by the $455 fee for filing each notice of appeal, I construe the notices to include a request for leave to proceed in forma pauperis on appeal. Those requests will be denied, because plaintiff is not eligible to proceed in forma pauperis because of his three-strike status. This court's records show that plaintiff earned a strike in case no. 06-cv-617-bbc on January 29, 2007, and another in case no. 07-cv-173-bbc on May 24, 2007, when several of his claims in each of these cases were dismissed at screening for his failure to state a claim upon which relief may be granted. In addition, plaintiff earned a strike on September 9, 2008 in Marshall v. Holm, 08-cv-398-bbc, when a claim was dismissed at screening as legally meritless. Because plaintiff has accumulated three strikes, so long as he is incarcerated he cannot file appeals or any new lawsuit subject to the 1996 Prison Litigation Reform Act without prepaying the filing fee unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made the required showing of imminent danger of a serious physical injury in these cases. Therefore, he cannot take

3

advantage of the initial partial payment provision of § 1915. He owes two fees immediately, each in the amount of $455. He may delay payment of these fees under one circumstance only; that is, if he challenges in the court of appeals within thirty days of the date he receives this order the decision to deny his requests for leave to proceed in forma pauperis on appeal because of his § 1915(g) status. Fed. R. App. P. 24(a)(5). If the court of appeals decides that this court's determination of plaintiff's three-strike status is improper, then the matter will be remanded to this court for a ruling on the question whether plaintiff's appeals are taken in good faith. If the court of appeals determines that this court's decision is correct that § 1915(g) bars plaintiff from taking his appeals in forma pauperis, the $455 filing fee payments will again be due in full immediately. Whatever the scenario, plaintiff is responsible for insuring that the required sums are remitted to this court at the appropriate time.

ORDER

IT IS ORDERED that the motion of Carlos Pabellon and Pam McGillivray to withdraw as plaintiff's counsel in these cases is GRANTED.

Further, IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal in each of these cases is DENIED because three strikes have been recorded against plaintiff under 28 U.S.C. § 1915(g). The clerk of court is to insure that

plaintiff's obligation to pay the $455 fee for filing each of his appeals is reflected in this court's financial records. The question whether the payments are due in full or may be collected in installments remains open pending plaintiff's decision whether to challenge this court's three-strikes determination in the court of appeals.

Entered this 8th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge